The GEIS CONSTRUCTION CO., and
United States Guarantee Com-
pany, Appellants,

v.

The UNITED STATES of America,
for the Use of TOM IGEL COM-
PANY, Appellee.

No. 13021.

United States Court of Appeals
Sixth Circuit.

April 24, 1957.

Marion Southall Butler, pro se, on brief.

R. R. Ryder, Asst. U. S. Atty., Richmond, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

value of the services performed and to enter judgment for the amount due under the contract, in the absence of any showing of fraud or collusion between the appellee and the subcontractor.

The judgment is affirmed.

William J. Lohr, Columbus, Ohio (Robert Dow Hamilton, Columbus, Ohio, on the brief), for appellants.

Joe F. Asher, Columbus, Ohio (Vernon L. Stouffer, Calland, Stouffer & Asher, Columbus, Ohio, on the brief), for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

Appellee furnished materials and labor to a subcontractor employed on a government project. The appellant was the prime contractor. The subcontractor went into receivership, and the appellee thereafter filed the present action under the Miller Act, 40 U.S.C.A. § 270b to recover the balance owing for labor and materials. This appeal is from the district court's judgment against the appellant general contractor for the amount owed appellee under its contract with the subcontractor.

Appellant contends (1) that the appellee failed to file his claim with appellant within ninety days after performing the last work under the contract, thus losing the right to recover under the statute, and (2) that the district court erred in refusing to admit evidence to show that the contract price exceeded the reasonable value of the materials furnished and services performed by the appellee.

Whether the appellee performed work under its subcontract within ninety days before it filed its claim was a question answered in the affirmative by a jury, upon a special interrogatory framed by the appellant. The jury's finding was supported by substantial evidence.

It was not error for the district court to exclude evidence of the actual